Rex, J.
The errors assigned upon the record, as grounds *436 for the reversal of the judgment, present two questions for the determination of this court:
1. Does the indictment charge the plaintiff in error with the commission of an offense against the provisions of section 22 of the crimes act, as amended by the act of March 24, 1865 (S. & S. 264) ?
The section of the statute under which the indictment was found, among other offenses therein described, makes it an offense for any person to falsely make, forge, counterfeit, etc., any order, warrant, or request for the delivery of goods and chattels, with intent to damage or defraud any person or persons, and it is claimed by the plaintiff in error, that the instrument set out in the indictment is not an order for the delivery of goods and chattels, within the meaning of this statute, in support of which claim he cites 2 Bouv. L. Dic. 262; Carberry v. The State, 11 Ohio St. 410; Bynam v. The State, 17 Ohio St. 142; Smith v. The State, 18 Ohio St. 420.
It is true, that the instrument set out in the indictment in this case, does not direct the person to Avhom it is addressed, to deliver goods of the drawer to the person named in the order; but it directs the drawee to deliver certain goods, which were then the property of the drawee, to the person named in the order, on the credit of the drawer, and if the order had been genuine, would have created a liability on the part of Butler, to account to Schroeder for the value of the goods delivered by him to the plaintiff in error. Indeed, nothing appears in the order, from which an inference can be drawn, that the relations subsisting between the drawer and Schroeder were not such, that the drawer, had the instrument been genuine, had a right to expect and require the compliance of Schroeder with the direction, and hence we are of opinion, that the instrument set out in the indictment, is an order for the delivery of goods and chattels within the meaning of the statute.
In this case the testimony set out in the bill of exceptions establishes the fact, that the object intended to be, and which was, in fact, accomplished by the instrument, was *437 the delivery of the goods described in it to the plaintiff' in error, on Schroeder’s faith in its genuineness, Schroeder having knowledge of the fact that the plaintiff in error was, at the time, in the employ of Butler.
T3ie cases cited by the plaintiff* in error in support of his claim, are not in conflict with the conclusion arrived at in this case.
In Carberry v. The State, the court held that a forged instrument which directed the drawee to “ let the bearer have one of your smallest, with load, and charge to” -the drawer, was not, per se, an order for the delivery of a pistol or other goods of any kind; and consequently, that an indictment which charged a defendant with the forgery of such an instrument, without proper innuendoes to give it a character and meaning not apparent on its face, was not sufficient to sustain a conviction upon it.
In Bynam v. The State, the court held that an indictment which charged the plaintiff in error with forging an order for the payment of money, of the following tenor, “ M. C. k Co. pay Binam $5.75, J. L. 0.,” was bad, on the ground that the writing on its face, unaided by innuendo or the statement of extrinsic facts, did not import an order for the payment of money; and in delivering the opinion of the court, White, J., says: “No definite meaning can be ascribed to the letters ‘ M. C. & Co.’ and ‘ J. L. C.’ They are of themselves arbitrary. The writing, of itself, does not purport to be by or on any person, natural or artificial.” So that the actual point decided in the case was, that the indictment was bad because it contained no averment to show what the letters “ M. O. & Co.” and “ J. L. C.” meant.
The case of Smith v. The State is not in point. In that case it was held that a tax duplicate was not a record within the meaning of section 22 of the crimes act.
It is further urged by the plaintiff' in error, that the indictment is defective in this, that it does not aver or set forth the value of the forged instrument. The statute creating the offense does not make the value of the forged instrument a part of the description or an ingredient of the, offense for *438 any purpose whatever, neither is the crime of forgery included in the crimes named in section 167 of the code of criminal procedure, and hence the value of the forged instrument is not a necessary averment in an indictment for that crime. The word “value,” as used in section 93 of the code of criminal procedure, which provides, “ That in an indictment for falsely making, altering, forging, printing, photographing, uttering, disposing of, or putting off any instrument, it shall be sufficient to set forth the purport and value thereof,” is not used in the sense of the “ worth of the instrument in money,” but in the sense “ of the effect the instrument is intended to. accomplish,” and hence, as the synonym of “ effect” or “import.”
2. Did the court err in refusing to instruct the jury as requested by the plaintiff in error, and in the instructions as given?
It appears from the bill of exceptions that, on the trial, the plaintiff in error, to maintain the issue on his part, gave evidence tending to show that the instrument set out in the indictment was written by a person named Smail; that he, the plaintiff in error, was not present when it was written, and that he used it, knowing that the signature of Butler thereto was not genuine, for the purpose of obtaining from Sehroeder the clothes he had previously ordered and agreed to pay for on delivery; and there being no evideneé on the part of the state tending to show who did write the order, the plaintiff in error requested the court to instruct the jury as follows:
“ If the jury find that the defendant did not, in fact, write or sign the instrument described in the indictment, although he presented and delivered it to Sehroeder, knowing its falsity, and obtained the clothes on it, yet he can not be convicted of falsely forging it, under the charge in the indictment.” Which instruction the court refused to give without the following modification : “But if you find that the defendant procured another to write it for him, he would be just as guilty and would be guilty of forging it; for the *439 rule ‘that what one does by another he does himself,’ is applicable in such a case.”
The plaintiff in error also requested the court to instruct the jury : “ Although the defendant may be guilty of knowingly uttering and publishing the instrument, yet since he is not charged with that, but of falsely forging it, he can only be convicted upon the charge in the indictment; and if you find that he did not in fact make and forge it, he must be acquitted.” Which was by the court “allowed as the law, but subject to the same qualification as above, in the event he did it by another instead of himself.”
We are of opinion that the court erred in refusing to instruct the jury as requested, and in the instructions given.
The plaintiff in error had the right to have the whole case, as made out in the evidence on the trial, submitted to the jury for their consideration. The instructions asked, were, under the evidence, necessary to the proper submission of the case, and should have been given, substantially as requested.
The testimony of the plaintiff in error tended to show that he did not commit the forgery, and was not present when it was committed. If this had been found to be true by the jury, he could not have been found guilty of the forgery; nor could he have been legally convicted of the offense charged in the indictment, if it,had been found by the jury that he procured the forgery to be committed by another, unless it had also been found by them that he was actually present at its commission.
Section 36 of the crimes act, as amended March 24,1864, S. & S. 266, makes it a separate and distinct offense to procure any act to be done or committed, which is, by any statnte of this state, made punishable with death, or by imprisonment in the penitentiary, and subjects the procurer to the same punishment as the principal offender; and hence, to convict a person as procurer of a felony, he must be charged in the indictment with an offense against the provisions of this section of the statute.
*440 Tlie judgment must therefore be reversed and the cause remanded for a new trial.

Judgment accordingly.

McIlvaine, C. J., Welch, White, and Gilmore, JJ., concurred.